**Eric Elton TERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–277–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 1984.

Discretionary Review Refused Oct. 31, 1984.

Jimmy James, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Eric Elton Terry pled guilty to a charge of second degree theft and was thereafter sentenced to fifteen years' imprisonment. Appellant makes two contentions on appeal: (1) that the judge did not correctly admonish him prior to accepting his guilty plea; and (2) that the judge did not sign the document containing appellant's stipulation of evidence thereby rendering it inadmissible for any purpose; and consequently, the remaining evidence was insufficient to sustain his conviction. We affirm the judgment of the trial court.

Appellant, an employee of Exxon, filled out a number of false invoices which were paid to him. He was charged with eleven paragraphs of theft, the aggregate amount of which was over ten thousand dollars. At the arraignment, the trial judge initially informed the defendant as follows:

> "It is alleged that on or about October 9, 1981, you, Eric Elton Terry, here and after styled the Defendant, did then and there unlawfully appropriate property, namely money, of the value of over $200.00 dollars and under $10,000.00 dollars, owned by Exxon Company, U.S.A., hereafter styled the Complainant, a person with a greater right to possession of the property than the Defendant, with the intent to deprive the Complainant of the property and without the effective consent of the Complainant. These are in aggregate amounts that occurred on [various dates].

The court further admonished the appellant as to punishment as follows:

> I must inform you under the law of this state anyone found guilty of the offense of theft of the second degree, a felony, may be punished by a term in the Texas Department of Corrections of not less than two years nor more than twenty years and a fine not to exceed $10,000.00 dollars. Do you understand that full range of punishment?

The appellant responded "yes I do." Appellant thus argues that the trial court erroneously informed him as to the statutory definition of *third* degree theft, but admonished him as to the punishment for *second* degree theft.

■ Article 26.13 of the Code of Criminal Procedure requires that prior to accepting a plea of guilty the court admonish the defendant as to the range of punishment and the recommendations, if any, of the prosecutor as to punishment. Article 26.13 requires no admonition concerning the offense committed. Thus, by delineating the proper range of punishment for the offense for which appellant was charged, namely a second degree felony, the court made proper admonitions under 26.13. *See generally Whitten v. State*, 587 S.W.2d 156 (Tex. Crim.App.1979). Further, the appellant specifically responded that he understood the full range of punishment.

■ Furthermore, we find no error in the court's description of the offense. The appellant orally waived the formal reading of the indictment which contained eleven paragraphs of theft, identical in every respect except for the date of the theft. The trial judge orally tracked the general language of the indictment, but rather than recite the same paragraph ten more times, he simply stated that the offense was committed on several other dates. Admittedly, the trial judge did not specifically state that the total amount stolen was more than $10,000.00, which factor was relied upon to raise the offense from third to second degree. *See* Tex.Penal Code Ann. § 31.-03(d)(5) (Vernon Supp.1982–1983). However, the judge later clearly stated that the charge was for a *second* degree felony. The error, if any, was simply an ambiguous statement of the offense, later clarified, and was not a fatal error in the court's admonitions. Appellant also argues that the court's use of the term "anyone" in the admonition as to punishment did not relate it specifically to him. However, we fail to see how the court's admonition could be realistically regarded as a rhetorical exercise under these circumstances. Nor can we seriously regard the trial court's asking the appellant if he understood the full range of punishment to be merely a question of criminal law to be acknowledged by the defendant.

The record in this case consists of a brief statement of facts recording appellant's plea, the court's admonishment relative thereto, the sentencing, appellant's testimony, and a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." This latter document is referred to by appellant and the court as a stipulation of evidence. However, in it appellant waives his right to self-incrimination and admits to committing each of the offenses alleged in the indictment which are specifically set out in this document. The following wording is contained after listing the detailed allegations of the indictment:

"I understand the above allegations and I confess that they are true and that the acts alleged above were committed on specific dates alleged in the above paragraphs."

The document is signed by the appellant, his attorney and the state's attorney. It was not, however, approved in writing or signed by the trial judge. Appellant contends this omission renders the document, and anything contained therein, inadmissible for any purpose under article 1.15 of the Code of Criminal Procedure. Without it, appellant asserts, there is insufficient evidence to sustain his conviction. Appellant thereby assumes that this entire document is merely a stipulation of evidence, and therefore unless signed by the judge it is inadmissible under art. 1.15 of the Code of Criminal Procedure. *See Young v. State*, 648 S.W.2d 6 (Tex.Crim.App.1983).

■ We agree with appellant that a stipulation of evidence must be signed by the judge to be admissible against a defendant in a guilty plea case. However, we disagree with appellant's apparent assumption that the document contained herein is exclusively a stipulation of evidence. If it were, his contention might have merit. We find it to be clearly a judicial confession and as such, the judge's signature is not required.

■ Appellant apparently presumes that a stipulation of evidence is an essential prerequisite to accepting a plea of guilty.

That is not the case. The Code of Criminal Procedure requires only that there be "sufficient evidence" to support the plea. This evidence may be presented in any number of ways, one of which is a signed stipulation of evidence. *See* Tex.Code Crim.Proc. Ann. art. 1.15 (Vernon 1977). A judicial confession is an equally acceptable method of providing sufficient evidence to sustain a conviction on a guilty plea. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979) (on motion for rehearing). It is well settled that a judicial confession standing alone is sufficient to sustain a conviction on a guilty plea. *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Crim.App.1978).

 A judicial confession is generally defined as a confession made in a legal proceeding. There is no clear-cut universal definition of a judicial confession which specifically applies to all guilty plea cases. Each case must be evaluated on its own particulars. *Dinnery v. State,* 592 S.W.2d at 352, 357 (Clinton, J., dissenting). Both the majority and the dissenting opinion in *Dinnery* would embrace the judicial confession in this case. In addition to specifically admitting in writing to the enumerated allegations of the indictment, the appellant also testified under oath that he understood the document he signed was a judicial confession. He then proceeded to corroborate further facts contained in the indictment on examination by the state. We find that under the circumstances of this case, the written document signed by appellant and his partial oral confirmation thereof clearly constitutes a judicial confession and provides adequate evidence to support his guilty plea. Appellant's second ground of error is overruled.

The judgment is affirmed.