Terry Lee LANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1153–85.

Court of Criminal Appeals of Texas, En Banc.

Dec. 3, 1986.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty. and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of possession of less than 28 grams of methamphetamine upon his guilty plea before the court. See Article 4476–15, §§ 4.02(b)(6) and 4.04, V.A.C.S. Punishment was assessed by the court at five years' imprisonment and a $5,000.00 fine.

In a single ground of error appellant on appeal urged the trial court erred in finding him guilty "because *the stipulation of evidence* relied upon by the court *was not approved* by the court *as required* by Art. 1.15 Tex.C.C.P." (Emphasis supplied.)

In an unpublished opinion the Court of Appeals rejected appellant's contention, finding the trial court had approved the waiver of rights and consent to stipulate the testimony and had complied with the requirements of Article 1.15, supra.[1] The conviction was affirmed. Landers v. State (Tex.App.-Austin—No. 3-85-006-CR—Sept. 11, 1985).[2]

We granted appellant's petition for discretionary review solely to determine the correctness of the Court of Appeals' decision concerning whether the trial court adhered to the requirements of Article 1.15, supra, as to stipulated evidence.

The record reflects the appellant waived trial by jury and entered a guilty plea to count No. 1 of the indictment. The State abandoned count No. 2. The trial court duly admonished the appellant of the consequences of his plea. See Article 26.13, V.A.C.C.P. The appellant having waived in writing the appearance, confrontation and cross-examination of witnesses and having agreed to stipulate the testimony, the written judicial confession signed by the appellant sworn to before the clerk, approved by appellant's counsel and the prosecutor was offered and admitted into evidence. The court then found the appellant guilty of possession of methamphetamine "as … alleged in Count I of the indictment." The State recommended ten years, probated, and $2,500.00 fine.

In order to secure a pre-sentence investigative report, see Article 42.12, § 4(a), V.A.

---

1. Article 1.15, supra, provides:

   "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. *Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."* (Emphasis supplied.)

2. The Court of Appeals also reformed the trial court's judgment and sentence to reflect the conviction was based only on the first count of the indictment. The second count had been abandoned by the State prior to the guilty plea but the original judgment reflected conviction on both counts.

C.C.P., the guilty plea was bifurcated. At a subsequent penalty hearing appellant testified principally in connection with his application for probation. At the conclusion of the hearing the court announced that it would not follow the recommended punishment or plea bargain, but would assess five years' imprisonment and a $5,000.00 fine. The court then offered to permit the appellant to withdraw his guilty plea. After conferring with his attorney, appellant declined to withdraw his guilty plea, persisted in pleading guilty, and accepted the trial court's assessment of punishment. Notice of appeal was timely given.

It is appellant's contention that the stipulated evidence was his written judicial confession and that this "stipulation of evidence" was not approved by the court as required by Article 1.15, supra. He notes that compliance with said Article 1.15 is mandatory for a stipulation to be considered as evidence where the plea is before the court. *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983); *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977); *Duran v. State,* 552 S.W.2d 840, 843 (Tex. Cr.App.1977), and cases there cited. See also *Green v. State,* 666 S.W.2d 291 (Tex. App.-Houston [14th] 1984).

The "stipulation of evidence" was on a form entitled "Judicial Confession." Said form includes a waiver of the appearance, confrontation and cross-examination of witnesses and consent to introduction of testimony and evidence by oral and written stipulation as well as the written judicial confession. As earlier noted, the form was signed by the appellant and sworn to before the clerk, approved and signed by appellant's counsel with the prosecutor signing the form as joining in the stipulation. At the bottom of the form is found

"Stipulation Approved

_____

Judge Presiding"

■ It is this part of the form, unexecuted by the trial court, upon which appellant relies. What appellant overlooks is that Article 1.15 requires that before stipulated evidence may be permitted in any plea before the court in a felony case the written waiver by the defendant of appearance, confrontation and cross-examination of witnesses and his consent to stipulation of evidence must be approved by the trial court, not the stipulation itself. A stipulation may be oral under Article 1.15, supra. An oral stipulation cannot be signed and approved by the trial court. The trial court is not required to examine each piece of stipulated evidence, oral or written, sign and approve it before introduction. The statute only requires that the defendant's waiver and consent to stipulate evidence be signed and approved by the trial court.[3]

**3.** Article 1.15, V.A.C.C.P., was originally enacted in 1965 (Acts 1965, 59th Leg., Vol. 2, p. 317, ch. 722), and provided only for written stipulations, and required in addition to waiver of the appearance, etc., of witnesses that the defendant consent "to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court." Under this version of the statute various local forms were designed to meet the statutory requirements. In addition to the "waiver and consent," the forms usually listed the affidavits, written statements of witnesses, etc., the introduction of which the defendant had consented. Stipulations that would otherwise be oral, and not then permitted, were often reduced to writing and made a part of the form. Some of these forms were designated "Written Waiver and Consent to Stipulations of Testimony and Stipulations." See *DeGay v. State,* 455 S.W.2d 205, 206 (Tex.Cr.App.1970). Although only required by statute to approve the "waiver and consent," the forms referred to often provided for the trial court to approve "the waiver and consent and stipulations" as a shorthand description was often erroneously referred to as the trial court "approving the stipulations." Such loose language crept into courtroom dialogue, appellate briefs and even into appellate court opinions. See, e.g., *Lopez v. State,* 708 S.W.2d 446 (Tex.Cr.App.1986); *Clark v. State,* 657 S.W.2d 121 (Tex.Cr.App.1983); *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983); *Terry v. State,* 681 S.W.2d 136 (Tex.App.-Houston [14th] 1984); *Green v. State,* 666 S.W.2d 291 (Tex.App.-Houston [14th] 1984). These cases seem to indicate the stipulation itself must be signed and the signature of the trial judge must appear on the face of the document. This, of course, could not be done where the stipulation is oral. These cases should be read as referring to the approval in writing of the written "waiver and consent."

■ While the written stipulation by which appellant confessed to the instant offense does not bear the approval of the trial court, as noted by the Court of Appeals, there is another document or form in the record. It is entitled, "Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty," a combination two page jury waiver and waiver and consent to stipulate form under Article 1.15. This form, like the earlier one described, waives the appearance, confrontation and cross-examination of witnesses and agrees to the oral and written stipulation of testimony and evidence, etc. This form was signed by the appellant, his attorney and the prosecutor, and the trial court signed the form expressly approving "the waiver of jury, the con- sent to stipulate testimony and the other waivers made herein."

There can be no question that Article 1.15, V.A.C.C.P., was complied with in the instant cause. The confusion here, insofar as appellant is concerned, resulted from the use of different local forms both designed to satisfy the requirements of Article 1.15, supra, where only one was signed by the trial court.

The judgment of the Court of Appeals is affirmed.