Jose REYES, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–88–0486–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 16, 1989.

Gilbert A. Villarreal, Houston, for appellant.

John F. Carroll, Houston, for appellee.

Before PRESSLER, CANNON and ELLIS, JJ.

## OPINION ON REHEARING

ELLIS, Justice.

Appellant's motion for rehearing is granted and our opinion filed February 23, 1989, is withdrawn. We reverse the judgment of the trial court.

Appellant, Jose Reyes, appeals a judgment of conviction for the offense of murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1974). Appellant entered a plea of guilty to the court. The court found him guilty and assessed punishment at fifteen years confinement in the Texas Department of Corrections. We reverse.

Appellant brings three points of error in which he claims the court erred in (1) accepting his plea of guilty without any evidence to support the plea; (2) failing to comply with Article 26.13(a)(4) of the Texas Code of Criminal Procedure; and (3) failing to ask appellant if he had anything to say before sentence was assessed in compliance with Article 42.07 of the Texas Code of Criminal Procedure.

In his first point of error, appellant contends that there is no evidence to support his plea of guilty. At the hearing on appellant's plea of guilty, the State introduced a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." Therein, appellant admits to committing the offense alleged in the indictment which is specifically set out in the document. The waiver agreement listed the detailed allegations of the indictment and concluded with the following language:

"I understand the above allegations and I confess that they are true and that the acts alleged above were committed on January 30, 1987."

The document is signed by appellant, his attorney and the State's attorney. It is well-settled that a judicial confession standing alone is sufficient to sustain a conviction on a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App.1979); *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App.1978); *Terry v. State*, 681 S.W.2d 136, 139 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd).

Furthermore, appellant testified under oath that he understood that the document he signed was a confession to the offense

of murder. We find that the written document signed by appellant and his oral confirmation thereof constitutes a judicial confession and provides adequate evidence to support his guilty plea. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in failing to give him the admonishment required by Article 26.13(a)(4) of the Texas Code of Criminal Procedure (Vernon Supp. 1989).

Article 26.13 provides that:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

\* \* \* \* \* \*

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Appellant submits that his competency and sanity evaluations were filed prior to and were before the court at the time of the hearing. Both reports indicate that appellant was born in El Salvador in 1958 and came to the United States in 1980. After the hearing on the plea of guilty, a pre-sentence investigation report (PSI) was filed. Appellant's citizenship is listed as "Salvadoran, Alien". The PSI also reflects that appellant stated that he had not established legal residency but had secured an employment permit upon his arrival to the United States.

■ The record reveals that appellant was orally admonished by the trial court, but no reference to possible deportation was made. While admonishments which substantially comply with Article 26.13 are sufficient, the complete failure to comply with an admonishment required by statute requires reversal. *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Crim.App.1988); *Ex parte McAtee*, 599 S.W.2d 335 (Tex. Crim.App.1980). Such a complete failure is reflected in this record. We will sustain appellant's second point of error and reverse the judgment of the court.

■ In his third point of error, appellant contends that the trial court erred in failing to address him, prior to passing sentence, with regard to whether he had anything to say before the sentence was announced. Article 42.07 of the Texas Code of Criminal Procedure provides:

Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The *only* reasons which can be shown, on account of which sentence cannot be pronounced, are:

1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Article 46.02 of this code; and

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested, he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

There is no contention that any of the statutory reasons set out in Article 42.07 to prevent the pronouncement of sentence ever existed. We find appellant has not shown harm. *Tenon v. State*, 563 S.W.2d 622, 624 (Tex.Crim.App.1978); *Hernandez v. State*, 628 S.W.2d 145, 147 (Tex.App.—Beaumont 1982, no pet.). Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.