**Rene Arturo ARRIOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–750–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 13, 1991.

Charles D. Johnson, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Rene Arturo Arriola, appeals his judgment of conviction for the felony offense of theft by receiving stolen property. Appellant pled nolo contendere and the Court assessed punishment, according to a plea bargain agreement, at five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Finding that appellant was not admonished pursuant to article 26.13(a)(4), TEX.CODE CRIM.PROC. (Vernon 1989), that his plea could result in his deportation, we reverse and remand for a new trial.

On March 1, 1989 appellant pled nolo contendere to an offense of auto theft and the Court deferred his guilt and placed him on probation for five years. On May 25, 1990, appellant was charged with the felony offense of theft by receiving stolen property alleged to have occurred on May 24, 1990. On June 5, 1990 the State filed a motion to adjudicate appellant's guilt of the auto theft offense, alleging that he had violated his probation by committing the felony offense of theft by receiving stolen property on May 24, 1990.

On July 9, 1990 appellant waived his right to a jury and pled nolo contendere to the offense of theft by receiving stolen property and true to the allegations in the motion to adjudicate guilt and the Court assessed punishment at five years' imprisonment in each case.

In his sole point of error, appellant contends that the trial court erred in failing to give him the admonishment required by

Article 26.13(a)(4) of the Texas Code of Criminal Procedure (Vernon 1989).

Article 26.13 provides that:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

\* \* \* \* \* \*

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

The record in the auto theft case reveals evidence of appellant's noncitizenship status. The Court had the Clerk's file in the auto theft case before it when appellant was sentenced on both cases. Evidence of appellant's noncitizenship status is also reflected by appellant's motion for return of seized property filed on February 9, 1989 and the order signed by the Court on February 9, 1989, for the return of this property. This property was seized by the police upon appellant's arrest on the auto theft charge on January 20, 1989. The Court ordered the State agency holding the property to return it to appellant. Included in the property ordered returned to appellant were, 1) an original and temporary passport, including a visa from Guatemala, carried in the name of appellant, 2) keys to appellant's residence in Guatemala, 3) Guatemalan identification and army discharge papers. We find that this evidence, in addition to the Court's decision to appoint a Spanish interpreter to translate the Court proceedings, was sufficient to put the trial court on notice that appellant could be a noncitizen of the United States of America.

The record reveals that appellant was orally admonished by the trial court, but no reference to possible deportation was made. Admonishments required by Article 26.13 prior to accepting a plea of guilty on nolo contendere are mandatory. While admonishments which substantially comply with Article 26.13 are sufficient, the complete failure to comply with an admonishment required by statute requires reversal. *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Crim.Tex.App.1988); *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Crim.App.1980); *Reyes v. State*, 774 S.W.2d 670 (Tex.App.—Houston [14th Dist.] 1989, no pet.). Such a complete failure is reflected in this record. When there is no substantial compliance with the statutory requirements for admonishment of the defendant before he enters a plea of guilty or nolo contendere, the defendant need not show harm in order to obtain reversal. *Williams v. State*, 770 S.W.2d 81 (Tex.App.—Dallas 1989, no pet.).

We find that there was a complete failure by the trial court to provide an admonishment required by statute. We sustain appellant's sole point of error and reverse the judgment of the trial court.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.