IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-360-CR





WILLIAM DARREL SHARP,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,191, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING


 





PER CURIAM

 After accepting appellant's guilty plea and judicial confession, the district court
found him guilty of attempted murder and assessed punishment at imprisonment for five years. 
Tex. Penal Code Ann. §§ 15.01, 19.02 (West 1989). In his only point of error, appellant
complains that the court failed to admonish him that if he was not a citizen of the United States,
his plea of guilty might result in deportation, exclusion from the country, or denial of
naturalization. Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West 1989).

 In admonishing the defendant, substantial compliance with article 26.13(a) is
sufficient unless the defendant affirmatively shows that he was not aware of the consequences of
his plea and that he was misled or harmed by the admonishment. Tex. Code Crim. Proc. Ann.
art. 26.13(c) (West 1989). When one of the statutory requisites is omitted, the deficient
admonishment will be considered to be in substantial compliance with the statute if the omitted item is immaterial to the plea in that case. McCravy v. State, 642 S.W.2d 450, 462 (Tex. Crim.
App. 1982); Whitten v. State, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979). 

 Before accepting appellant's guilty plea, the court asked him if he was a United
States citizen. Appellant answered that he was. The possibility of deportation, exclusion, or
denial of naturalization was, therefore, immaterial to appellant's guilty plea. 

 Appellant relies on the opinions in Ex parte Cervantes, 762 S.W.2d 577 (Tex.
Crim. App. 1988), Arriola v. State, 811 S.W.2d 697 (Tex. App.--Houston [14th Dist.] 1991, no
pet.), and Morales v. State, 838 S.W.2d 272 (Tex. App.--El Paso, pet. filed). These cases are
distinguishable. In Cervantes and Arriola, the record reflected that the defendant was not a United
States citizen. In Morales, the record was silent on this question.

 The district court's admonishment substantially complied with article 26.13(a). The
point of error is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 23, 1992

[Do Not Publish]