NUMBER 13-01-855-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

RAUL YBARRA a/k/a RAUL IBARRA,                                       Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 148th District Court

                                  of Nueces
County, Texas.

 



 

                                   O P I N I O N

 

                      Before Justices Dorsey, Yañez, and
Castillo

                                  Opinion by Justice Castillo

 








Raul Ybarra appeals
his conviction for sexual assault.[1]  Ybarra pled guilty pursuant to a plea bargain
and was sentenced by the court to ten years in prison in accordance with his
agreement.   Appellant filed a motion for
new trial, which was denied.  Appellant
requested and received permission from the trial court to appeal his conviction
and filed a notice of appeal complying with the requirements of Texas Rule of
Appellate Procedure 25.2(b)(3)(C).  Tex. R. App. P. 25.2(b)(3)(C).

ANDERS BRIEF

Appellant=s court-appointed
counsel has filed a motion to withdraw and, in support of that motion, a brief
stating that counsel has thoroughly reviewed the clerk=s record and the court
reporter=s record in this case
and found no meritorious issues to bring forward for review.  See Anders v. California, 386 U.S. 738,
744 (1967); Jeffery v. State, 903 S.W.2d 776, 779 (Tex. App.BDallas 1995, no
pet.).  This brief meets the requirements
set forth in Anders.  Anders,
386 U.S. at 744-45.  Counsel has referred
this Court to errors in the record that might arguably support the appeal in
the areas of voluntariness, the trial court=s ruling on appellant=s motion for new
trial, and the propriety of the trial court=s admonishments. 
Counsel also provided, for each arguable point of error, a discussion of
the correctness of the trial court=s ruling and why the
record could not support the  arguments
presented.  See High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).  Counsel certified that appellant has been
furnished with a copy of the brief and informed of the right to review the
record and to file a pro se brief. 
More than thirty days have passed since appellant was so advised, and no
pro se brief has been filed.








THE VOLUNTARINESS OF
THE PLEA AND THE MOTION FOR NEW TRIAL

Originally, this case
was tried to a jury.  The first trial
ended in a mistrial after the jury was deadlocked on the question of
guilt.  Just prior to the jury selection
in the second trial, a plea bargain agreement was reached and appellant pled
guilty. 

At the hearing on the
plea of guilty, the trial judge asked appellant whether he understood what he
had signed and whether he was pleading guilty voluntarily and of his own free
will.  Appellant answered in the
affirmative to both questions.  After the
plea bargain was recited, the judge asked appellant if he understood the
agreement and if it was something that he was entering into freely with the
advice and consent of his attorney. 
Appellant again indicated his understanding and consent. 








At the hearing on his
motion for new trial, appellant=s sole contention was
that  his plea was involuntary.  Specifically, he argued that his attorney
forced him to plead guilty and that he actually wanted to go to trial.  He also claimed that he did not understand
what he had signed because he could not read or write due to a diminished intellectual
capacity.  Appellant stated that he had
not wanted to take the ten-year offer and had told his attorney that he wanted
to go to the jury.  He further explained
that he had wanted a five- year, not a ten-year offer, but accepted the
ten-year offer because his attorney had Atold [him] to.@  At that same hearing, appellant=s trial attorney
denied coercing appellant into pleading guilty and testified that it had been
appellant=s own decision to
enter a plea of guilty rather than have a second jury trial.  Counsel also explained that because of
appellant=s diminished
abilities, counsel had spent extra time explaining matters to him.  Testimony at the hearing also revealed that
appellant had a high school diploma, had owned his own business, had previous
experience in the criminal justice system, and had taken an active role in the
plea negotiations in his case, specifically rejecting certain plea offers and
requesting specific counter-offers.

In determining the
voluntariness of a plea, we consider the totality of the circumstances, viewed
in the light of the entire record.  Ybarra
v. State,  960 S.W.2d 742, 745 (Tex.
App.BDallas 1997, no
pet.).  Once a defendant has pled guilty
and attested to the voluntary nature of his plea, he bears a heavy burden at a
subsequent hearing to demonstrate a lack of voluntariness.  Garcia v. State, 877 S.W.2d 809, 812
(Tex. App.BCorpus Christi 1994,
pet. ref=d).  On a motion for new trial, the trial court is
the sole judge of the credibility of the witnesses, and we may not substitute
our judgment for that of the trial court.  Salazar v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001).  We will not overturn a
trial court=s decision on a motion
for new trial unless there is an abuse of discretion.  Id. 









The trial court was
not required to accept as true appellant=s uncorroborated
statements at the motion for new trial, even if they had been uncontradicted,
which they were not.  Messer v. State,
757 S.W.2d 820, 828 (Tex. App.BHouston [1st Dist.]
1988, pet. ref=d.)(op. on reh=g)(per curiam).  A trial court does not abuse its discretion
in denying a motion for new trial in the face of conflicting evidence, as was
presented to the court in the present case. 
Salazar, 38 S.W.3d at 148. 
In light of the entire record, we do not find that appellant met his
burden to demonstrate that his plea was involuntary nor do we find that the
trial court abused its discretion in denying appellant=s motion for new
trial.   We agree with appellate counsel
that no meritorious grounds are indicated by the record as to any issues
related to a claim of an involuntary plea, including the trial court=s denial of the motion
for new trial.

THE ADMONITIONS

Counsel also refers us
to two discrepancies in the admonitions. 
The first is the failure to check off a box indicating the range of
punishment for the instant offense.  The
second is the failure of the trial court to execute a written approval of
appellant=s waiver of jury trial
as required by code of criminal procedure article 1.13.  Tex.
Code Crim. Proc. Ann. art 1.13 (Vernon Supp. 2003).








Counsel notes that
both omissions are harmless.  As to the
first, appellant was advised that he was pleading guilty to a second degree
felony; he has not claimed he did not understand the range of punishment
applicable thereto; he has not claimed that had he been properly admonished
about the range of punishment, he would not have entered a plea of guilty; and
the punishment assessed was within the range of punishment as permitted by
law.  Moreover, appellant had already
stood trial once on the case, during which time the range of punishment would
presumably have been discussed in voir dire. 
In any case, there is no assertion and no evidence that appellant was
harmed, that is, that he would probably not have pled guilty but for the
failure to admonish as to the range of punishment.  See Burnett v. State, No. 860-01, 2002
Tex. Crim. App. LEXIS 211, at *11-12 & n.14 (Tex. Crim. App. Oct. 30,
2002).  As for the second omission,
appellate counsel notes that appellant was aware of his right to a trial by
jury and was awaiting the start of his second trial when the plea bargain was
reached.  See Johnson v. State,
72 S.W.3d 346, 349 (Tex. Crim. App. 2002)(holding that even where there is a
violation of article 1.13, there is no harm if the record reflects that the
defendant was aware of his right to a jury trial).

We agree with counsel
that these discrepancies do not present any harmful error.  Having reviewed the issues presented to us by
appellate counsel and having agreed that they are without merit, we now review
the record ourselves to determine whether any harmful error is otherwise
demonstrated therein.  Penson v. Ohio,
488 U.S. 75, 82-83 (1988).

FAILURE TO COMPLY WITH
ARTICLE 1.15








Our own review of the
record  indicates that the trial court
failed to comply with the portion of article 1.15 of the code of criminal
procedure that requires that the trial court approve a defendant=s waiver of the
appearance, confrontation, and cross-examination of witnesses and a defendant=s consent to oral
stipulations of testimony or the introduction of testimony in written form.[2]  Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003).  This requirement of article 1.15 is mandatory
and where the trial court has failed to sign the waiver and consent to
stipulate evidence, the waiver and consent do not become a Awriting of the court,@ Young v. State,
648 S.W.2d 6, 7 (Tex. Crim. App. 1983), and it is error for the trial court to
admit the stipulation.  Messer v.
State, 729 S.W.2d  694, 700 (Tex.
Crim. App. 1987)(op. on reh=g).  A trial court may not consider a stipulation
as evidence where the defendant=s waiver and consent
to stipulate is not signed by the trial court as required by article 1.15.  McClain v. State, 730 S.W.2d 739, 742
(Tex. Crim. App. 1987).   Accordingly, a
judgment based on the stipulated evidence must be reversed.  Id. 
Such error, however, is trial error and calls for a reversal and remand,
not an acquittal.  Id. at 743; Messer,
729 S.W.2d at 700.

In the present case,
the trial court failed to sign any of the documents relative to the plea, aside
from the judgment.  Neither the
admonitions, nor the waivers, nor the stipulations, nor the judicial confession
were signed by the judge, though spaces appeared for the judge=s signature.  Since the consent to stipulate evidence was
unsigned, the trial court erroneously admitted the stipulated evidence and its
judgment could not be based on the same.













However, the trial
court=s error is not harmful
in the present case.  Where the evidence
admitted apart from erroneously admitted stipulations or stipulated testimony
is sufficient to support the conviction, any error in a trial court=s failure to comply
with article 1.15 is harmless.  See
McClain, 730 S.W.2d at 742-43;  Whitmire
v. State, 33 S.W.3d 330, 336 (Tex. App.BEastland 2000, no pet.); Stewart v. State, 12
S.W.3d 146, 148 (Tex. App.BHouston [1st Dist.]
2000, no pet.); Parks v. State, 960 S.W.2d 234, 236 (Tex. App.BHouston [1st Dist.]
1997, pet. ref=d); Leal v. State,
736 S.W.2d 907, 911-12 (Tex. App.BCorpus Christi 1987), pet.
dism=d, improvidently
granted,
773 S.W.2d 296 (Tex. Crim. App. 1989)(per curiam).  In the present case, appellant signed a
judicial confession wherein he confessed to committing the crime as alleged in
the indictment, and this confession was admitted into evidence at the plea
hearing.[3]  Thus, it was Aevidence introduced into the record@ and we may consider
it Ain deciding whether
the State met its evidentiary burden under article 1.15.@  Daw v. State, 17 S.W.3d 330, 333 (Tex.
App.BWaco 2000, no
pet.)(citing Pitts v. State, 916 S.W.2d 507, 510 (Tex. Crim. App.
1996)).

It is well-settled
that a judicial confession, standing alone, is sufficient evidence to sustain a
conviction upon a guilty plea.[4]  Dinnery v. State, 592 S.W.2d 343,
353  (Tex. Crim. App. 1980)(op. on reh=g)(en banc).  Accordingly, although the trial court failed
to comply with article 1.15, and, therefore, the stipulated evidence could not
be considered, since there was sufficient evidence to sustain appellant=s conviction
independent of the stipulated evidence, no harmful error is presented in this
case.








                                                    CONCLUSION

In reviewing the
record carefully as mandated by Penson, 488 U.S. at 82-83, we agree with
appellant=s counsel that there
are no meritorious grounds on appeal. 
Accordingly, we affirm the judgment of the trial court.  We grant the motion of appellant=s counsel to withdraw
and order counsel to notify appellant of the disposition of this case and the
availability of discretionary review.  See
Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)(per curiam).

 

ERRLINDA CASTILLO

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 19th day of December, 2002.

 











[1]
Tex. Pen. Code Ann. ' 22.011(a)(1)(A)(Vernon
Supp. 2003).





[2]
This article reads:

 

No
person can be convicted of a felony except upon the verdict of a jury duly
rendered and recorded, unless the defendant, upon entering a plea, has in open
court in person waived his right of trial by jury in writing in accordance with
Articles 1.13 and 1.14; provided, however, that it shall be necessary for the
state to introduce evidence into the record showing the guilt of the defendant
and such evidence shall be accepted by the court as the basis for its judgment
and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same. 
The evidence may be stipulated if the defendant in such case consents in
writing, in open court, to waive the appearance, confrontation, and
cross-examination of witnesses, and further consents either to an oral
stipulation of the evidence and testimony or to the introduction of testimony
by affidavits, written statements of witnesses, and any other documentary
evidence in support of the judgment of the court.  Such waiver and consent must be approved by
the court in writing, and be filed in the file of the papers of the cause.

 

Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003).





[3]
The judicial confession, which in part tracks the language of the indictment,
appears in a document entitled AJudicial
Confession and Stipulation@
and reads:

 

I,
RAUL YBARRA AKA Raul Ibarra, am the Defendant in the above styled and numbered
cause.

 

My
attorney is [name of defense counsel].

 

My
attorney has investigated the facts and circumstances surrounding my case,
discussed those with me and advised me of possible defenses.  I am satisfied with my attorney=s
representation. I am pleading guilty to the offense of SEXUAL ASSAULT/REPEAT
FELONY OFFENDER because I am guilty.  My
plea is freely, voluntarily, knowingly, and intelligently given.

 

Paragraph
1

 

On
this day in open Court, I, RAUL YBARRA AKA Raul Ibarra, waive my right against
self-incrimination and hereby judicially confess that on October 31, 1999, in
Nueces County, Texas, I did then and there intentionally and knowingly cause
the penetration of the anus of [name of victim] by the defendant=s
sexual organ, without the consent of [name of victim] and the defendant knew
that as a result of mental disease or defect [name of victim] was at the time
of the sexual assault, incapable of either appraising the nature of the act or
resisting it.

 

Paragraph
2

 

On
this day in open Court, I, RAUL YBARRA AKA Raul Ibarra, waive my right against
self-incrimination and hereby judicially confess that on October 31, 1999, in
Nueces County, Texas, I did then and there intentionally and knowingly cause
the penetration of the anus of [name of victim] by the defendant=s
sexual organ, without the consent of [name of victim] and the defendant
compelled [name of victim] to submit or participate by threatening to use force
or violence against [name of victim] and [name of victim] believed that Raul
Ybarra aka Raul Ibarra had the present ability to execute the threat.

 

 

The judicial confession also contained a paragraph about the
grand jury presenting that appellant had previously been convicted of indecency
with a child but that paragraph was crossed out.  The document contained also the following
recitation, AI hereby agree
and stipulate that the facts contained in this instrument and its attached
exhibits, if any, are true and correct.@  The document is signed by appellant, his
counsel, and the attorney for the State. 
Signature lines also appear for the clerk (immediately following a
jurat) and for the judge=s approval but
both lines were left unsigned.





[4]
We note that the judicial confession was neither sworn to before the clerk nor
signed by the judge.  However, these
omissions do not affect either the confession=s
validity or admissibility.  See Terry
v. State, 681 S.W.2d 136, 138 (Tex. App.BHouston
1984, pet. ref=d)(holding that
judge=s signature not
required for judicial confession even where judicial confession and
stipulations appeared together in same document) and Jones v. State, 857
S.W.2d 108, 110 (Tex. App.BCorpus
Christi 1993, no pet.)(holding that there is no requirement that judicial
confessions be made under oath).