MARY'S OPINION HEADING 



 NO. 12-02-00164-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ALLYN WAYNE HENDERSON,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Allyn Wayne Henderson pleaded guilty to the offenses of intoxication
manslaughter and intoxication assault. The trial court sentenced Appellant to confinement for forty
years and twenty years, respectively. In four issues, Appellant challenges his convictions. We
affirm.


Background


 Appellant pleaded guilty to the offenses of intoxication manslaughter and intoxication
assault. The trial court found Appellant guilty, found the enhancement allegations true and further
found that a deadly weapon was used in the commission of both offenses. The trial court assessed
Appellant's punishment at confinement for forty years for intoxication manslaughter and twenty
years for intoxication assault, the sentences to run concurrently. Prior to the acceptance of his guilty
plea, Appellant, his attorney and the prosecutor had signed a form wherein Appellant waived jury
trial, made a judicial confession, and agreed to stipulate testimony. In four issues, Appellant
contends that the trial judge's failure to sign the document deprived it of any validity. Therefore, he
insists, the bench trial deprived him of his right to trial by jury and, absent the stipulated testimony,
there is insufficient evidence to support the convictions. 

 Appellant's first two issues challenge the validity of his waiver of trial by jury, because the
trial judge did not approve the waiver in writing. Appellant argues that the bench trial proceeded
without a valid waiver of jury trial in violation of his right to trial by jury under the United States and
Texas Constitutions.


Waiver of Jury Trial


 An accused is guaranteed a speedy public trial by an impartial jury under both the United
States and Texas Constitutions. U.S. Const. amend. VI; Tex. Const. art. I, § 10. Article one,
section fifteen of the Texas Constitution provides in relevant part, as follows:


 The right to a jury trial shall remain inviolate. The legislature shall pass such laws as may be needed
to regulate the same, and to maintain its purity and efficiency.



Tex. Const. art. I, § 15.

 A defendant's right to waive trial by jury is governed by article 1.13(a) of the Texas Code
of Criminal Procedure which provides that the defendant shall have the right to waive the right of
trial by jury,


 conditioned, however, that such waiver must be made in person by the defendant in writing in open
court with the consent and approval of the court, and the attorney representing the State. The consent
and approval by the court shall be entered of record on the minutes of the court. . . .


Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon Supp. 2002).

 Prior to the trial court's acceptance of his plea, Appellant and his attorney signed a form titled
"FELONY-DEFENDANT'S PLEA OF GUILTY WAIVER, STIPULATION AND JUDICIAL
CONFESSION" in which he stated that he understood his right to jury trial, to remain silent and to
confront the witnesses against him, but that he desired to waive the right to trial by jury and
confrontation of the witnesses. The document also set out Appellant's confession to each element
of the offenses. The attorney for the State also signed the document. The form also contained a
paragraph to be signed by the presiding judge accepting and approving Appellant's waivers of rights
and pleas of guilty. The trial court, however, did not sign the document.

 In response to the admonitions of the trial court, Appellant told the court that he had either
read the documents or had them explained to him by his attorney, and that he signed them freely and
voluntarily. Appellant claims that article 1.15 of the Texas Code of Criminal Procedure mandates
that a waiver of the right to confront the witnesses, an agreement to stipulate testimony, and a waiver
of jury trial "must be approved in writing, and be filed among the papers of the cause. Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002). Appellant relies on the reasoning in Stewart v
State, 12 S.W.3d 145 (Tex. App.-Houston [1st Dist.] 2000), no pet.), a case wherein the stipulation
of evidence supporting a guilty plea was not signed by the trial court in compliance with article 1.15. 
Citing McClain v. State, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987), the court stated 


 the stipulation becomes a writing of the court only when the trial judge places his signature on the
consent to stipulate. A judgment based on a stipulation that has been presented without the judge's
signature, in violation of the statute, is fundamental error that requires reversal, but not acquittal.



Stewart, 12 S.W.3d at 148. Since Appellant interprets article 1.15 to require that the defendant's
waiver of jury trial also be approved in writing by the trial court and filed among the papers of the
cause, he argues that the judge's failure to do so in the instant case resulted in fundamental error
requiring reversal.

 We disagree with Appellant's interpretation of article 1.15. We read article 1.15 to require
that a defendant's waiver of his right of trial by jury be in writing pursuant to article 1.13 and article
1.14. Tex. Code Crim. Proc. Ann. arts. 1.13, 1.14 (Vernon Supp. 2002). Article 1.13(a) requires
the trial judge's consent to and approval of defendant's waiver to be entered of record upon the
minutes of the court. Appellant's waiver of his right to jury trial was made in open court. Appellant,
his counsel, and the counsel for the State signed the written waiver, and Appellant asked the trial
court to approve and accept his waiver of jury trial as well as his other waivers and stipulations. The
judgment recites that Appellant in open court waived trial by jury. It is obvious the trial court would
not have proceeded with the trial if he had not consented and approved of the waiver. But we are
unable to find in the record any explicit consent and approval by the trial court of Appellant's waiver
of jury trial that would satisfy the mandate of article 1.13(a) that the trial judge's consent and
approval "be entered of record on the minutes of the court." Therefore, we conclude that the trial
court erred in failing to make such an entry "on the minutes of the court."

 Because neither the federal nor the state constitution require that trial by jury be waived in
writing, the failure to waive the right in the manner prescribed by the Code of Criminal Procedure
is statutory error, not constitutional error. Ex parte Sadberry, 864 S.W.2d 541, 543 (Tex. Crim.
App. 1993). Such error is subject to a harm analysis. Cain v. State, 947 S.W.2d 262, 264 (Tex.
Crim. App. 1997). Under appellate rule 44.2(b), we must determine whether the violation of article
1.13(a) "affected a substantial right." Johnson v. State, 72 S.W.3d 346, 348 (Tex. Crim. App.
2002). "To determine whether an error 'affected substantial rights,' we consider whether [the
defendant] had a right to that which the error denied." Id.

 In Johnson, there was no written jury waiver by the defendant or his counsel, and no written
consent and approval by the court or by counsel for the State. The defendant pleaded not guilty and
proceeded to trial before the court. The judgment recited that Johnson "waived trial by jury." The
court of criminal appeals concluded that the harm inquiry should ask whether the defendant
understood his right to trial by jury before his bench trial began. If the defendant was aware of his
right to jury trial, he was not harmed by his failure to execute a written waiver. In its analysis, the
court reasoned that the word "waiver" presumes knowledge of the relevant facts. Therefore, the
court concluded that the bare recitation of "waiver" in the judgment, absent direct proof of its falsity,
supported the presumption that Johnson was aware of his right to a jury trial and opted for a bench
trial. Johnson, 72 S.W.3d at 349. The court of criminal appeals found the error harmless.

 In the instant case, we need not presume Appellant's knowledge of his right to a jury trial
from the recitation of waiver in the judgment. The reporter's record and the signed waiver by the
Appellant show that, knowing his right to jury trial, he desired to proceed to trial before the court. 
The error was harmless. Appellant's issues one and two are overruled.


Stipulated Testimony


 In his third and fourth issues presented, Appellant maintains that the trial court's failure to
approve in writing Appellant's consent to stipulate testimony rendered the introduction of stipulated
testimony invalid. He argues that the remaining record contains legally insufficient evidence to
support the convictions.

 Appellant correctly asserts that a defendant's stipulation of evidence is inadmissible unless
signed by the judge. Tex. Code Crim. Proc. Ann. art. 1.15; see Young v. State, 648 S.W.2d 6, 7
(Tex. Crim. App. 1983); Stewart, 12 S.W.3d at 147-48. However, the document which Appellant,
his counsel, and the prosecutor signed and which the trial judge failed to sign also contained
Appellant's judicial confession. Article 1.15 does not require the judge to approve and consent in
writing to a judicial confession. See Terry v. State, 681 S.W.2d 136, 138 (Tex. App.-Houston [14th
Dist.] 1984, pet. ref'd).

 A plea of guilty need not be accompanied by a stipulation of evidence. The Code of Criminal
Procedure requires only that there be "sufficient evidence" to support the plea. Tex. Code Crim.
Proc. Ann. art. 1.15. A judicial confession is sufficient to sustain a conviction on a guilty plea. 
Terry, 681 S.W.2d at 139.

 Appellant's judicial confession admitted all of the elements of intoxication manslaughter and
intoxication assault. Moreover, Appellant's oral testimony at trial confirmed that he was driving the
car that was involved in the accident on October 11 and that he was drunk at the time. He read a
letter to the family of the victims apologizing for drinking and driving and causing the accident. The
State presented the testimony of the victim's parents, the DPS officers, the pathologist and
toxicologist. The evidence is sufficient to support Appellant's convictions. Appellant's issues three
and four are overruled.

 The judgment is affirmed.


 BILL BASS 

 Justice

Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.



(DO NOT PUBLISH)