# Court of Appeals

## Tenth Appellate District of Texas

### 10-25-00451-CR

Jazmin Alyna Andrade,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
13th District Court of Navarro County, Texas
Senior Judge H. D. Black Jr., presiding
Trial Court Cause No. D43030-CR

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury found Jazmin Alyna Andrade guilty of the offense of possession of a controlled substance in an amount of less than one gram.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).  The trial court assessed her punishment at twelve months in state jail, but suspended her sentence and placed her on community supervision for three years.  In two issues on appeal, Andrade asserts that the evidence is legally insufficient to support the jury's implied

rejection of her necessity defense and that the trial court reversibly erred by failing to inquire under article 42.07 of the Code of Criminal Procedure whether there existed any reason why sentence should not be pronounced. We affirm.

## Necessity Defense

In her first issue, Andrade contends that the State failed to meet its burden of persuasion to defeat her necessity defense. We disagree.

STANDARD OF REVIEW AND RELEVANT LAW

Criminal conduct is justified if: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. TEX. PENAL CODE ANN. § 9.22.

After a defendant has introduced some evidence supporting her necessity defense, the State bears the burden of persuasion to disprove it. *See Stefanoff v. State*, 78 S.W.3d 496, 500 (Tex. App.—Austin 2002, pet. ref'd). This burden, however, does not require the State to introduce evidence to disprove the defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). In our

review, we must view all the evidence in the light most favorable to the prosecution and determine (1) whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and (2) whether the factfinder could have found against the defendant on the necessity issue beyond a reasonable doubt. *Id.* at 914.

RELEVANT FACTS

At trial, law enforcement testimony established that Andrade was pulled over for travelling 91 miles per hour in a 75 mile per hour zone. When the officer made contact with Andrade, she smelled the odor of burnt marijuana coming from the vehicle. Andrade was detained in the back of the police car while officers performed a probable cause search. During the search, officers located one baggie containing a pink powdery substance in a white purse in the front passenger side of the vehicle. In the back passenger floorboard, officers located a black purse containing two baggies with a white powdery substance and a partially-smoked "blunt." Officers also located various drug paraphernalia and drug-related items in the vehicle, such as cigarillos, a vape pen, and a stuffed toy that resembled a marijuana joint. Andrade told one of the officers that "the weed was hers," but that her ex-boyfriend put the powdery substances – which she believed to be cocaine – in her purse. According to the

testimony and written report of a forensic scientist with the Texas Department of Public Safety crime lab, all three powdery substances contained ketamine.

Andrade testified in her own defense. She explained that on the night she was arrested, she was driving from Houston to Dallas to escape her abusive relationship. Andrande described her ex-boyfriend as controlling and physically abusive. She testified that she knew her ex-boyfriend used illegal narcotics, and that he would sometimes force her to carry his narcotics, guns, and money in her purse. Should she refuse, Andrade testified that her ex-boyfriend would "manhandle" her. The night she was arrested, Andrade stated that her ex-boyfriend had threatened her with violence, causing her to flee to Dallas for her own safety.

On cross-examination, Andrade testified that she had been driving for approximately three and a half hours before she was pulled over by law enforcement. Because her ex-boyfriend had access to her location through her cell phone, she was afraid that he might be following her. She stated that she did not discard the narcotics at any point during her drive because she "wasn't aware" that they were in her purses and that she just "grabbed what [she] could and then left." Andrade claimed that her boyfriend had regular access to her purse even if she was not with him, and that he did not always tell her when he put narcotics in her purse. When asked why she did not tell the police

"this whole story you're telling the Jury today[,]" Andrade responded, "The police doesn't care […] All they care is that it was in my possession and they found somebody to take to jail."

At the charge conference, Andrade requested an instruction on necessity. The State objected, arguing that Andrade failed to meet the confession-and-avoidance requirement by refusing to unequivocally admit to the culpable mental state of knowingly possessing the controlled substance. The State also contended that Andrade failed to present evidence of an immediate danger of imminent harm. The trial court overruled the State's objection and included a necessity instruction in the jury charge.

ANALYSIS

We conclude that a rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. In this case, the State was required to prove that Andrade intentionally or knowingly possessed ketamine in an amount of less than one gram. Three baggies of substances containing ketamine with a combined weight of 0.68 grams were found inside of two of Andrade's purses in the vehicle, along with other drug paraphernalia. She admitted that she was aware that her ex-boyfriend sometimes stored illegal narcotics in her purse. The purses contained other items belonging to Andrade, such as her makeup. Although she claimed she was unaware that those

specific substances were in her purses at that time, the jury was free to disbelieve that testimony.

Viewing the evidence in the appropriate light, we also conclude that the evidence was sufficient to support the jury's implied rejection of Andrade's necessity defense. Evidence related to Andrade's necessity defense was dependent upon the jury's assessment of her credibility. The factfinder is the sole judge of the weight and credibility of the evidence and may choose to disbelieve a witness even when her testimony is uncontroverted. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04; *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Gibson v. State*, 233 S.W.3d 447, 452 (Tex. App.—Waco 2007, no pet.). When performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury was free to disbelieve any or all of Andrade's testimony that she had to possess the ketamine to avoid being abused by her ex-boyfriend.

Furthermore, the jury could have reasonably found that Andrade failed to meet the first prong of the necessity defense. Andrade had over three hours to dispose of the narcotics before she was stopped, during which time she was physically separated from her ex-boyfriend. This undercuts her claim that

possessing the drugs was "immediately necessary" to avoid harm. Moreover, "imminent" harm means something that is immediate, something that is at the point of happening and not about to happen. *See Pennington v. State*, 54 S.W.3d 852, 857 (Tex. App.—Fort Worth 2001, pet. ref'd). Andrade testified to a specific fear of violence that prompted her to quickly separate from her ex-boyfriend. However, any imminence faded with the three-hour passage of time and physical separation. Additionally, more than a generalized fear of harm is required. *Stefanoff*, 78 S.W.3d at 501. While Andrade expressed concern that her ex-boyfriend could access to her location through her cell phone, she offered no evidence that he had actually accessed her location, was attempting to access her location, or was actively following or pursuing her.

We overrule Andrade's first issue.

**Article 42.07 – Code of Criminal Procedure**

In her second issue, Andrade asserts that she is entitled to a new punishment hearing because the trial court failed to inquire pursuant to article 42.07 of the Code of Criminal Procedure whether there was any reason that sentence should not be pronounced against her. We disagree.

ANALYSIS

Article 42.07 of the Code of Criminal Procedure, entitled "Reasons to prevent sentence," provides as follows:

Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:

1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

TEX. CODE CRIM. PROC. ANN. art. 42.07. A complaint that the trial court failed to comply with article 42.07 must be preserved for appellate review. *See* TEX. R. APP. P. 33.1; *Eisen v. State*, 40 S.W.3d 628, 636-37 (Tex. App.—Waco 2001, pet. ref'd). Here, as Andrade acknowledges on appeal, she did not object to the trial court's failure to comply with article 42.07 or raise any contention in bar of sentence prior to pronouncement.

Moreover, Andrade does not claim on appeal that any of the reasons set out in article 42.07 apply in her case or otherwise explain how she was harmed by the trial court's failure. *See Reyes v. State*, 774 S.W.2d 670, 672 (Tex. App.—

Houston [14th Dist.] 1989, no pet.); *Hernandez v. State*, 628 S.W.2d 145, 147 (Tex. App.—Beaumont 1982, no pet.).

Accordingly, we overrule Andrade's second issue.

## Conclusion

Having overruled all of Andrade's issues on appeal, we affirm the judgment of the trial court.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  June 25, 2026

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
Do not publish
CR25

