**William Arthur DAW, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

No. 10–99–196–CR.

Court of Appeals of Texas, Waco.

April 12, 2000.

Keith Bradley, Bradley & Bradley, Cleburne, for appellant.

Dale Hanna, Dist. Atty., David W. Vernon, Asst. Dist. Atty., Cleburne, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

William Arthur Daw, Jr. pleaded guilty to twenty-three counts of burglary of a habitation without the benefit of a plea recommendation from the State. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 30.02(a)(1), (3), 1993 Tex. Gen. Laws 3586, 3633 (amended 1999) (current version at TEX. PEN.CODE ANN. § 30.02(a)(1), (3) (Vernon Supp.2000)). On counts one through twenty-two, the court sentenced Daw to ten years' imprisonment.

On count twenty-three, the court likewise sentenced Daw to ten years' imprisonment but suspended imposition of sentence and placed him on community supervision for a period of ten years. Daw claims in a single issue that the court erred in accepting his guilty plea without complying with article 1.15 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2000).

## BACKGROUND

According to the reporter's record, Daw pleaded guilty in open court on March 22, 1999. After Daw entered his plea, the court showed him a document entitled a "Guilty Plea Memorandum." The court referred to this document as "State's Exhibit No. 1." The clerk's record contains such a document, and each page of this document bears the notation "State's Exhibit 1" in the bottom-right margin. The court asked him whether his signature appears on the document "above where it says 'Defendant.'" Daw responded in the affirmative. The court asked him whether he:

- had read and understood the paragraph immediately preceding each of his fifteen signatures on the memorandum;

- had an opportunity to consult with counsel concerning any questions he may have had about the information contained in the memorandum; and

- understood that by signing the memorandum he was "waiving certain statutory and constitutional rights" including the right to jury trial.

Daw answered each of these questions affirmatively.

---

1. Daw argues that the record is confusing because the "Guilty Plea Memorandum" and his written confession are both identified in the record as "State's Exhibit Number 1" but the reporter's record contains only one such exhibit, the confession. We disagree with his assessment of the record. The court considered the memorandum marked "State's Exhibit No. 1" during the guilt-innocence phase

Daw orally informed the court that he wished to testify and was voluntarily waiving his right to remain silent. Daw's counsel called him to the stand "and tender[ed] him to [the prosecutor] for cross-examination." Daw testified that he is guilty of the twenty-three counts of burglary alleged in the indictment. He further stated that he gave a written statement to a sheriff's deputy in which he described his participation in the offenses. He agreed that this statement is "true and correct as to [his] participation" in the offenses. The court accepted Daw's guilty plea, found him guilty as charged, and rescheduled the matter for a punishment hearing the next day.

■ During the punishment hearing, the State introduced the testimony of nine witnesses and offered four exhibits in evidence. State's exhibit number one offered at punishment is Daw's written confession.[1] Daw and his mother testified for the defense. He again affirmed the veracity of his confession. He also testified about his involvement in the burglaries. On cross-examination, he re-affirmed that he is guilty of the burglaries. The court sentenced him as indicated above.

## WAIVER UNDER THE *HELMS* RULE

Daw contends in his sole issue that the court erred in accepting his guilty plea when the State did not formally offer in evidence the written waiver and stipulation of evidence required by article 1.15. The State relies on the so-called *Helms* rule to argue that Daw has waived the right to complain about compliance with article 1.15 because noncompliance with the statute would be a nonjurisdictional · error which arose prior to entry of his guilty

on March 22. This document appears in the clerk's record. As such, it constitutes "'evidence introduced into the record' and may be considered by the appellate court." *Pitts v. State*, 916 S.W.2d 507, 510 (Tex.Crim.App. 1996). The State offered Daw's confession in evidence as its first punishment exhibit during the hearing on March 23.

plea. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972).

■ According to the *Helms* rule, a voluntary guilty plea made without a plea recommendation conclusively establishes the guilt of the defendant and waives all nonjurisdictional errors which may have occurred before entry of the guilty plea. *Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex. Crim.App.1995); *Helms*, 484 S.W.2d at 927. The *Helms* rule does not apply to errors "occurring at or after entry of [the] plea." *Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App.1994).[2]

■ In this case, Daw questions whether the State properly presented the stipulation of evidence required by article 1.15. This constitutes an allegation of error at the time of the entry of the guilty plea. Thus, the *Helms* rule does not bar Daw from asserting his complaint on appeal. *See id.*

## COMPLIANCE WITH ARTICLE 1.15

Article 1.15 requires the State "to introduce evidence into the record showing the guilt of the defendant." TEX.CODE CRIM. PROC. ANN. art. 1.15.

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

*Id.*

■ Daw's "Guilty Plea Memorandum" contains a section entitled "Stipulation of Evidence and Waiver of Confrontation" which constitutes an almost verbatim waiver of the rights expressed in this section of article 1.15. Although the trial court did not ask Daw whether he understood that he was waiving these particular rights, the court did ask whether he understood that he was "waiving certain statutory and constitutional rights." Thus, we conclude that Daw's memorandum constitutes a sufficient written waiver of "the appearance, confrontation, and cross-examination of witnesses" as required by article 1.15.

Daw consented to a stipulation of evidence consistent with article 1.15. Such a stipulation "includes *inter alia* agreements as to what particular evidence or testimony would be, if presented in full in open court." *Stone v. State*, 919 S.W.2d 424, 426 (Tex.Crim.App.1996) (quoting *Robinson v. State*, 739 S.W.2d 795, 800 n. 5 (Tex.Crim.App.1987) (per curiam)).

■ Although the record contains Daw's *consent* to a stipulation, the record contains no stipulation of evidence. *See Messer v. State*, 729 S.W.2d 694, 698 (Tex. Crim.App.1986) (op. on reh'g). Instead, the record contains Daw's "Sworn Judicial Confession" which appears in the memorandum and his testimony admitting his guilt of all twenty-three burglaries. A judicial confession filed in the clerk's record constitutes "evidence introduced into the record" which may be considered by an appellate court in deciding whether the State met its evidentiary burden under article 1.15. *Pitts v. State*, 916 S.W.2d 507, 510 (Tex.Crim.App.1996).

■ A judicial confession, standing alone, suffices to establish the guilt of a defendant who has pleaded guilty and to satisfy article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App. [Panel

---

**2.** The Court of Criminal Appeals has recently modified *Helms* to the extent that a defendant's right to challenge errors occurring prior to the entry of a plea of guilty or *nolo contendere* will be considered waived or forfeited "only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000).

Op.] 1980) (op. on reh'g); *Monse v. State,* 990 S.W.2d 315, 318 (Tex.App.—Corpus Christi 1999, pet. ref'd). In Daw's case, the clerk's record contains a written judicial confession, and the reporter's record contains Daw's oral judicial confession. Thus, the State satisfied its burden under article 1.15 "to introduce evidence into the record showing the guilt of the defendant." TEX.CODE CRIM. PROC. ANN. art. 1.15.

Accordingly, we overrule Daw's sole issue and affirm the judgment.