Marty Robert HALL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–125–CR.

Court of Appeals of Texas,
Waco.

Jan. 31, 2001.

David E. Houston, Cleburne, for appellant.

Dale Hanna, Johnson County Criminal District Attorney, David W. Vernon, Johnson County Asst. Criminal District Attorney, Cleburne, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

Marty Robert Hall, Jr. pled guilty to a total of ten counts of burglary of a habitation without the benefit of a plea recommendation from the State. On counts five

through ten, and counts fifteen, sixteen and nineteen, the trial court sentenced Hall to ten years in prison. On count twenty-three, the court sentenced Hall to ten years in prison but placed him on community supervision for a period of ten years. Hall claims in two issues that the court erred in accepting his guilty plea without complying with Articles 1.13 and 1.15 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 1.13, 1.15 (Vernon Supp.2001). In a third issue, he contends that the trial court erred in requiring him, as a condition of probation, to be confined in a restitution center for an unspecified period of time. We affirm.

BACKGROUND

According to the reporter's record, Hall pled guilty in open court. After Hall entered his plea, his counsel called Hall to the stand and asked questions regarding his previous statement given to the police and his decision to waive his right to a jury trial. The trial court then showed Hall a document entitled, "Guilty Plea Memorandum." The trial court referred to this document as "State's Exhibit No. 1." The clerk's record contains such a document, and each page of this document bears the notation "State's Exhibit 1" in the bottom-right margin. The trial court asked him whether his signature appeared on the document "above where it says 'Defendant.'" Hall responded affirmatively. The court asked him whether he:

- had read and understood the paragraph immediately preceding each of his fifteen signatures on the memorandum;
- had an opportunity to consult with counsel concerning any questions he may have had about the information contained in the memorandum; and
- understood that by signing the memorandum he was "waiving certain statutory and constitutional rights" including the right to jury trial.

Hall answered each of these questions affirmatively as well.

The State was allowed to cross-examine Hall. Hall testified that he was guilty of the ten counts of burglary to which he pled. The trial court accepted Hall's guilty plea, found him guilty as charged in counts five through ten and counts fifteen, sixteen, nineteen and twenty-three. The trial court then proceeded with the punishment hearing.

During the punishment hearing, the State introduced the testimony of three witnesses and offered three exhibits in evidence. State's exhibit number three offered at punishment is Hall's written confession. Hall and three other witnesses testified for the defense. He affirmed the veracity of his confession but could not remember everything he told the officer that night. He also testified that he participated in the burglaries to support his drug habit. He asked the court to place him on community supervision. On cross-examination, Hall re-affirmed that he was guilty of the burglaries because he drove the other participants to the houses and personally traded the stolen property for drugs. The court sentenced him as set out above.

WAIVER UNDER THE *HELMS* RULE

Hall contends in his first two issues that the court erred in accepting his guilty plea when the State did not formally offer in evidence the written waivers and stipulation of evidence required by Articles 1.13 and 1.15. The State relies on the *Helms* rule to argue that Hall has waived the right to complain about compliance with Articles 1.13 and 1.15 because noncompliance with the statutes would be non-jurisdictional errors which arose prior to entry of his guilty plea. *See Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App.1972).

According to the *Helms* rule, a voluntary guilty plea made without a plea recommendation conclusively establishes the guilt of the defendant and waives all non-jurisdictional errors which may have occurred before entry of the guilty plea. *Lewis v. State,* 911 S.W.2d 1, 4–5 (Tex. Crim.App.1995); *Helms,* 484 S.W.2d at

927; *Daw v. State*, 17 S.W.3d 330, 333 (Tex.App.—Waco 2000, no pet.). The *Helms* rule does not apply to errors "occurring at or after entry of [the] plea." *Jack v. State*, 871 S.W.2d 741, 744 (Tex. Crim.App.1994).

■ In this case, Hall questions whether the State properly presented the waivers and stipulation of evidence required by the Code of Criminal Procedure. This is not a complaint about an error which occurred before the entry of the guilty plea. The *Helms* rule does not bar Hall from asserting these complaints on appeal. *See Daw*, 17 S.W.3d at 333.

## COMPLIANCE WITH ARTICLES 1.13 AND 1.15

Article 1.15 provides that no felony conviction can be had absent a jury verdict, "unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14." TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.2001). Article 1.13(a) requires jury waivers in non-capital cases to be "made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *Id.* art 1.13(a) (Vernon Supp.2001).

■ Hall's "Guilty Plea Memorandum" contains a jury waiver which reads as follows:

> **WAIVER OF JURY:** Comes now the Defendant in person and in open Court, joined by Defendant's attorney and counsel for the State, and waives the right to trial by jury in accordance with Article 1.13, Code of Criminal Procedure (C.C.P.), The Texas Constitution, and the United States Constitution. This waiver is made with the consent and approval of the Court.

Hall, his attorney, the prosecuting attorney, and the trial court all signed the memorandum, indicating Hall's waiver and the consent and approval of such waiver by the trial court and the State's attorney. On the record, Hall stated expressly that he understood that by signing the memorandum he was waiving his right to a jury trial. Thus, Hall's jury waiver satisfies the requirements of both Articles 1.13 and 1.15 and failure to introduce it into evidence is not error. Hall's first issue is overruled.

Article 1.15 also requires the State "to introduce evidence into the record showing the guilt of the defendant." TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 2001).

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

*Id.*

■ Hall's "Guilty Plea Memorandum" contains a section entitled "Stipulation of Evidence and Waiver of Confrontation" which constitutes an almost verbatim waiver of the rights expressed in this section of Article 1.15. Although the trial court did not ask Hall whether he understood that he was waiving these particular rights, the court did ask whether he understood that he was "waiving certain statutory and constitutional rights." We have already held that where the record contains a signed stipulation of evidence, a written judicial confession and an oral confession, the State has complied with Article 1.15 "to introduce evidence into the record showing the guilt of the defendant." *Daw*, 17 S.W.3d at 333–334. In Hall's appeal, the clerk's record contains the signed stipulation of evidence and the written judicial confession. The reporter's record contains Hall's oral judicial confession. Thus, the State has complied with Article 1.15. Hall's second issue is overruled.

**VOID SENTENCE?**

*   *   *

In his third issue, Hall contends that the trial court erred in confining him in a restitution center for an unspecified term as a condition of his probation. He contends that the unspecified length of time ordered to the restitution center violates the 36 month maximum stay at multiple community corrections facilities mandated by the Code of Criminal Procedure. Hall was also ordered confined to a Substance Abuse Felony Punishment Facility. The parties do not contest that the Substance Abuse Felony Punishment Facility and the restitution center are "community corrections facilities."

■ Hall appears to be arguing that his sentence is unauthorized. Sentences that are unauthorized are void. *Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim.App.1991). Among other conditions, Hall's order of community supervision provides the following:

> The Defendant shall remain in the Substance Abuse Felony Punishment Facility ... for an indeterminate term of not more than one year or less than 90 (ninety) days. The Defendant shall comply with all rules, regulations, and treatment programs and remain in such facility until discharged by the Court.

*   *   *

> [T]he def[endant] will attend, participate & complete restitution center upon completion of TDC time & [Substance Abuse Felony Punishment Facility].

The Code of Criminal Procedure provides in Section 18 that:

> (b) If a judge requires as a condition of community supervision that the defendant serve a term in a community corrections facility, the term may not be more than 24 months.

**1.** Should Hall actually spend more than 24 months in the restitution center, he may have

*   *   *

> (h) A judge that requires as a condition of community supervision that the defendant serve a term in a community corrections facility may not impose a subsequent term in a community corrections facility or jail during the same supervision period that, when added to the terms previously imposed, exceeds 36 months.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 18(b) & (h) (Vernon Supp. 2001).

■ On its face, the sentence given Hall is not void. According to the Code of Criminal Procedure, the total amount of time Hall could spend in more than one community corrections facility is 36 months. *See id.* § 18(h). Because Hall could spend no more than one year in the Substance Abuse Felony Punishment Facility, the maximum amount of time he could spend in the restitution center would be 24 months. *See id.* § 18(b). By leaving the time to serve in a restitution center open, the trial court has not, on the face of the community supervision order, violated the mandates of the Code of Criminal Procedure.[1] Hall has not cited us to any authority, nor have we found any, that would require the trial court to specifically set a period of time to serve in a restitution center or risk a void sentence. Thus, Hall's third issue is overruled.

**CONCLUSION**

Having overruled Hall's three issues, we affirm the trial court's judgment.

a cognizable complaint for habeas review.