Steven Wayne Massey v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-278-CR

     STEVEN WAYNE MASSEY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 99-038-CR
                                                                                                                

O P I N I O N
                                                                                                                

      Steven Wayne Massey was indicted for “on or about the 21st day May A.D., 1999, . . .
intentionally or knowingly possess[ing], with intent to deliver a controlled substance, namely,
methamphetamine, in an amount of four grams or more but less than 200 grams . . . .” At a
hearing on August 30, 1999, Massey waived his right to a jury and pled guilty to this first-degree
felony without the benefit of a plea-bargain agreement. On September 8, 1999, the judge assessed
punishment at the minimum sentence of five years in prison.
      Massey complains: (1) that the evidence of the amount of methamphetamine was legally and
factually insufficient to support a conviction for a first-degree offense, and (2) that his due process
rights were violated because the judge refused to consider deferred adjudication community
supervision as an option for disposition of the case. We will affirm.
BACKGROUND
      On the day of the plea hearing, Massey swore to and signed a document called “Written Plea
Admonishments.” The document began: “You are charged with the offense of: Manufacture or
Delivery of Substance in Penalty Group 1, 4 grams or more but less than 200 grams, to-wit:
methamphetamine, 76.53 grams, Section 481.112(d) Health and Safety Code.” It contained a
“consent to oral and written stipulations of evidence.” It also had a section called “Judicial
Confession” which says: “I further state that I have read the indictment or information filed in this
case and that I committed each and every allegation it contains. I am guilty of the offense alleged
as well as all lesser included offenses. I swear to all of the foregoing and I further swear that all
testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me
God.” The “Written Plea Admonishments” was signed by Massey, his lawyer, the prosecutor,
and the judge. At the hearing, the judge referred to the document by name and asked Massey if
the statements in the “Judicial Confession” were true and if he had signed the document. Massey
responded affirmatively to both questions. The judge then received Massey’s guilty plea and
proceeded to give a number of standard admonishments, including one about the consequences of
violating deferred adjudication if granted. The judge asked Massey if he “underst[ood] all the
facts that were alleged in the indictment” to which Massey responded “Yes, sir, I believe so.” 
The “Written Plea Admonishments” was not admitted as an exhibit at the hearing, but it was filed
with the clerk on September 8, 1999, the date of the sentencing hearing.
      Also on August 30, 1999, Massey swore to and signed a “Stipulation of Evidence” which
states in relevant parts: “I, the Defendant in the above entitled and numbered cause, in open
Court, agree to stipulate the evidence in this case and I waive the appearance, confrontation and
cross-examination of witnesses, I consent to the oral stipulation of evidence and to the introduction
of affidavits, written statements of witnesses and other documentary evidence. I waive my right
against self-incrimination and confess to the following facts: On the 21st day of May 1999, in
Freestone County, Texas, I did then and there intentionally or knowingly possess, with intent to
deliver a controlled substance, namely, methamphetamine, in an amount of four grams or more
but less than 200 grams, to-wit: 76.53 grams.” The “Stipulation of Evidence” was not mentioned
at the hearing on August 30, but it was signed by the judge and Massey’s lawyer. It was not
admitted as an exhibit at the hearing, but it was filed with the clerk on September 8, 1999, the date
of the sentencing hearing.
      After the admonishments, the judge accepted the plea of “guilty” and found Massey “guilty
of the offense of manufacture or delivery of methamphetamine in an amount of four grams or
more, but less than 200 grams as charged in the indictment.” The court then heard evidence
regarding punishment. Before any witnesses were called, Massey’s lawyer reminded the judge
that by finding Massey guilty at this time, the judge could not later grant deferred adjudication
because a finding of “guilty” precludes it. Tex. Code Crim. Proc. Ann. art. 42.12, sec. 5
(Vernon Supp. 2001). The judge responded: “Let me make it clear to you. I’m not even going
to consider it. Is that going to affect your guilty plea?” The lawyer responded: “No, it’s not,
Your Honor.”
      The State called a witness who testified to finding methamphetamine at Massey’s home when
a search warrant was served. Based on his testimony, the aggregated amount of methamphetamine
found was 2.9375 grams.


 Also introduced as an exhibit at the punishment hearing was a written
confession Massey signed on May 21, 1999, in which he admitted to having financial troubles
which prompted him to buy methamphetamine in Dallas for $800 an ounce, which he sold for
about $1,600 an ounce. He did not admit to any specific amount of methamphetamine.
      After other witnesses testified for both parties, the judge ordered a presentence report. A
sentencing hearing was held on September 8, 1999, and Massey was sentenced to five years in
prison.
SUFFICIENCY OF THE EVIDENCE
      Massey’s first two complaints are that he was indicted, convicted, and sentenced for selling
four or more grams of methamphetamine, but the testimony at the hearing showed only 2.9375
grams, a second-degree felony. Tex. Health & Safety Code Ann. § 481.112(c) (Vernon Supp.
2001). Article 1.15 of the Code of Criminal Procedure requires that when a person pleads guilty,
“it shall be necessary for the state to introduce [sufficient] evidence into the record showing the
guilt of the defendant.” Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2001).
      Massey signed a document called “Written Plea Admonishments” which contained a section
called “Judicial Confession.” In that section it says “I committed each and every allegation [the
indictment] contains.” The indictment alleged that Massey “possess[ed], with intent to deliver a
controlled substance, namely, methamphetamine, in an amount of four grams or more but less than
200 grams.” The judge asked Massey if the confession was true and if he signed the document,
and Massey answered affirmatively. An uncorroborated judicial confession is sufficient to support
a conviction. Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh’g);
Potts v. State, 571 S.W.2d 180 (Tex. Crim. App. 1978) (a confession’s incorporation by reference
of the indictment is sufficient proof of the allegations in the indictment); Daw v. State, 17 S.W.3d
330, 333 (Tex. App.—Waco 2000, no pet.); Monse v. State, 990 S.W.2d 315, 318 (Tex.
App.—Corpus Christi 1999, pet. ref’d); Rexford v. State, 818 S.W.2d 494, 496 (Tex.
App.—Houston [1st Dist.] 1991, pet. ref’d). Furthermore, the document did not have to be
admitted into evidence at a hearing if it is in the clerk’s record and, without objection, it was
considered by the trial court as though it had been admitted into evidence. Ex Parte Reagan, 549
S.W.2d 204, 205 (Tex. Crim. App. 1977); Killion v. State, 503 S.W.2d 765 (Tex. Crim. App.
1973); Kissinger v. State, 501 S.W.2d 78, 79 (Tex. Crim. App. 1973); Richardson v. State, 475
S.W.2d 932, 933 (Tex. Crim. App. 1972); Daw, 17 S.W.3d at 333; see Pitts v. State, 916 S.W.2d
507, 508-10 (Tex. Crim. App. 1996). Consideration of the “Written Plea Admonishments” was
not objected to and it was filed with the clerk. This confession was legally and factually sufficient
to support the conviction.
      The “Stipulation of Evidence” which was executed by Massey on the date of the plea hearing,
and which was signed by the judge and Massey’s lawyer and later filed with the clerk, is
independently sufficient, legally and factually, to support the conviction. The document is actually
a confession. It states in part: “I . . . confess . . . I did then and there intentionally or knowingly
possess, with intent to deliver a controlled substance, namely, methamphetamine, in an amount
of four grams or more but less than 200 grams, to-wit: 76.53 grams.” Although the judge never
referred to the stipulation on the record, he saw it, and presumably read it, because he signed it
on the day of the plea hearing. Therefore, we assume the judge relied on the stipulation at the
hearing. For the same reasons which were true for the “Written Plea Admonishments,” the
confession in the stipulation was sufficient to support the conviction, and the stipulation did not
have to be admitted as an exhibit at the hearing as long as it was not objected to and is in the
clerk’s record.
      Massey’s first two issues are overruled.
FAILURE TO CONSIDER DEFERRED ADJUDICATION
      Massey claims his due process rights were violated when the judge told him before taking
evidence regarding sentencing that the judge had already excluded deferred adjudication as a
possible disposition of the case. ”A court’s arbitrary refusal to consider the entire range of
punishment would constitute a denial of due process . . . .” McLennan v. State, 661 S.W.2d 108,
110 (Tex. Crim. App. 1983); Burke v. State, 930 S.W.2d 230, 234 (Tex. App.—Houston [14th
Dist.] 1996, pet. ref’d); Cole v. State, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, pet.
ref’d) (citing McLennan v. State).
      Assuming the judge did improperly exclude deferred adjudication, the issue was not preserved
for appeal. Massey’s lawyer merely reminded the judge that finding Massey “guilty” would
preclude deferred adjudication as a possibility. The judge gave Massey an opportunity to
withdraw his plea which Massey refused. Massey made no other comments or objections about
the issue. We will not review this unpreserved complaint. Tex. R. App. P. 33.1(a).
      Massey’s third issue is overruled.
      The judgment is affirmed.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 2, 2001
Do not publish