COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-281-CR
 
MICHAEL RENNIE MCDOUGAL                                                                    
APPELLANT
V.
THE STATE OF TEXAS                                                                               
   STATE
------------
FROM THE 372ND DISTRICT
COURT OF TARRANT COUNTY
------------
OPINION
------------
Appellant Michael Rennie McDougal was
charged by indictment with theft under $1,500, enhanced by two prior theft
convictions as well as two other prior felony convictions. Appellant signed a
judicial confession and waived a reporter's record. Upon his open plea of guilty
to theft and true to the enhancement paragraphs, the trial court found the
enhancement allegations true and convicted Appellant of state jail felony theft,(1)
enhancing his punishment to that given for a second-degree felony.(2)
The court sentenced Appellant to seven years' confinement in the Institutional
Division of the Texas Department of Criminal Justice. On appeal, Appellant
brings a single point challenging not the sufficiency of the evidence but the
State's failure to introduce evidence into the record to support the guilty
plea, in violation of article 1.15 of the Texas Code of Criminal Procedure.(3)
We affirm the trial court's judgment.
Appellant summarizes his argument as
follows: "Put simply . . . , the abbreviated guilty plea procedure of the
372nd District Court failed to comply with Article 1.15."
Appellant argues that the judicial confession form used in the 372nd
District Court is insufficient to sustain the State's burden of proof. He also
argues that because of his own waiver of the reporter's record, there is nothing
to show that the judicial confession was admitted into evidence.
The State argues that because the trial
court received and accepted Appellant's pleas, Appellant's judicial confession
provides sufficient evidence to satisfy article 1.15. But the judgment's
recitation that the trial court accepted Appellant's guilty plea does not show
that the judicial confession was admitted into evidence, or even offered. It
demonstrates only that Appellant entered a plea of guilty and that the trial
court accepted that plea.
Article 1.15 clearly requires the State to
introduce sufficient evidence into the record to support a guilty plea.(4)
The State argues that a signed judicial confession contained in the clerk's
record should be considered as evidence supporting the trial court's judgment.
The State relies on Daw v. State(5) and Pitts
v. State.(6) These cases are distinguishable
from the case before us. Significantly, the judicial confession in Pitts
was admitted into evidence by the trial court,(7)
and the defendant in Daw gave both a written and oral judicial
confession.(8) Those reviewing courts had
reporter's records before them from which they gleaned what evidence was
admitted. We do not.
The contents of the clerk's record are not
evidence unless the trial court takes judicial notice of them or they are
offered into evidence.(9) Nothing before us
indicates that the trial court took judicial notice of the contents of the
clerk's record. Of course, the only evidence before us is the clerk's record
because Appellant affirmatively waived his right to a reporter's record.
Texas Rule of Appellate Procedure
34.6(c)(5) provides:

        
 In a criminal case, if the statement contains a point complaining that the
 evidence is insufficient to support a finding of guilt, the record must
 include all the evidence admitted at the trial on the issue of guilt or
 innocence and punishment.

A criminal defendant may not waive the making of a record and then, on
appeal, rely on the absence of evidence to support reversal of his conviction.(10)
Rather, an appellant in a criminal case must bring forth a complete record of
the evidence before the factfinder and bears the burden of demonstrating that
the State failed to satisfy the evidentiary requirements of article 1.15.(11)
The State correctly points out that the Texas Court of Criminal Appeals'
decision in Rowell v. State(12) does
not relieve an appellant of the obligation of including in the appellate record
all evidence admitted at trial when the appellant challenges the sufficiency of
the evidence. Nor does it remove that burden when an appellant challenges the
State's compliance with the evidentiary requirements of article 1.15.(13)
While this court bears the responsibility of reviewing the entire record in a
light most favorable to the prosecution in ruling on the sufficiency of the
evidence to support a criminal conviction,(14)
this court is not obligated to review a nonexistent record, especially when the
only challenge is to the State's adequate compliance with article 1.15.
Nothing in the record suggests that Appellant's judicial confession was
admitted into evidence, and we do not presume that it was. On the other hand, we
also do not presume that it was not. Nor do we presume that the State did or did
not offer other evidence of Appellant's guilt. Had the State relied exclusively
on the judicial confession, the State, of course, would have been required to
offer the confession into evidence.(15)
Appellant has failed to provide a sufficient record to support his complaint.
We therefore overrule his sole point on appeal and affirm the trial court's
judgment.
 
                                                                   
   LEE ANN DAUPHINOT
                                                                   
   JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
                  
CAYCE, C.J. concurs without opinion.
PUBLISH
DELIVERED: April 3, 2003

1. See Tex. Penal Code Ann. § 31.03(e)(4)(D)
(Vernon 2003).
2. See id. § 12.42(a)(2).
3. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.
2003).
4. Id.
5. 17 S.W.3d 330, 333-34 (Tex. App.--Waco 2000, no pet.).
6. 916 S.W.2d 507, 510 (Tex. Crim. App. 1996).
7. Id. at 508.
8. Daw, 17 S.W.3d at 334.
9. See Elwell v. State, 872 S.W.2d 797, 798-800
(Tex. App.--Dallas 1994, no pet.) (refusing to take judicial notice of document
in clerk's record that had not been introduced into evidence or judicially
noticed by trial court); White v. State, 871 S.W.2d 833, 836 (Tex.
App.--Houston [14th Dist.] 1994, no pet.) (same); Shields v.
State, 820 S.W.2d 831, 833 (Tex. App.--Waco 1991, no pet.) (stating that
"[c]ounsel who want 'the record to reflect' certain facts must include
those facts in the record as evidence either by sworn testimony, exhibits,
stipulations, admissions or judicial notice").
10. Tex. R. App. P. 34.6(c)(5).
11. Tex. Code Crim. Proc. Ann. art 1.15; Skinner v.
State, 837 S.W.2d 633, 634 (Tex. Crim. App. 1992); Martin v. State,
13 S.W.3d 133, 140 (Tex. App.--Dallas 2000, no pet.).
12. 66 S.W.3d 279, 282 (Tex. Crim. App. 2001).
13. See id.
14. See Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979).
15. See Tex. Code Crim. Proc. Ann. art. 1.15.