COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

GABRIEL HERRERA,                                          )

                                                                              )              
No.  08-03-00180-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
41st District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20020D01894)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Appellant Gabriel
Herrera was charged by indictment with one count of the offense of engaging in
organized criminal activity and two counts of aggravated assault with a deadly
weapon.  Appellant plead guilty to count
two for the offense of aggravated assault with a deadly weapon.  See Tex.Pen.Code
Ann. '
22.02(a)(2)(Vernon Supp. 2004).  The
trial court found Appellant guilty of the offense and assessed punishment at 4
years=
imprisonment in the Institutional Division 
of the Texas Department of Criminal Justice, to be served concurrently
with trial cause number 20020D01307. 
Counts One and Three were dismissed. 
Appellant filed a motion for new trial and timely filed his notice of
appeal.  The trial court certified that
this cause is a plea-bargain case, but the trial court has given permission to
appeal and the defendant has the right of appeal.  See Tex.R.App.P.
25.2(a)(2).








Appellant=s court-appointed counsel has filed a
brief in which he has concluded that the appeal is frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh.
denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting
a professional evaluation of the record demonstrating why, in effect, there are
no arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State,
516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson v. State, 485 S.W.2d 553
(Tex.Crim.App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.
1969).  Appellant=s
counsel, however, proposes one arguable issue in his brief

A copy of counsel=s brief has been delivered to
Appellant, and Appellant has been advised of his right to examine the appellate
record and file a pro se brief. 
On July 16, 2003, Appellant=s
counsel filed a motion for extension of time to file a pro se
brief.  This Court granted the motion and
extended the time to file the brief until October 5, 2003.  To this date, no pro se brief has been
filed.  By letter dated July 28, 2003,
the State indicated its intention not to file a response brief unless a pro
se brief was filed.








The arguable issue
presented in counsel=s
brief is whether the evidence was insufficient to support the guilty plea
judgment pursuant to Article 1.15 of the Texas Code of Criminal Procedure.  See Tex.Code
Crim.Proc.Ann. art. 1.15 (Vernon Supp. 2004).  Specifically, Appellant complains that the
State failed to offer any evidence in support of the guilty plea because the
evidence offered was a summary of the evidence, which they failed to
corroborate with independent evidence. 
In this case, Appellant signed a judicial confession, in which he
confessed to committing the offense as charged in the indictment, and this
confession was admitted into evidence at the plea hearing.  It is well-settled that a judicial
confession, standing alone, is sufficient evidence to sustain a conviction upon
a guilty plea.  Pitts v. State,
916 S.W.2d 507, 508 (Tex.Crim.App. 1996); Ybarra v. State, 93 S.W.3d
922, 927-28 (Tex.App.‑-Corpus Christi 2002, no pet.), citing, Dinnery
v. State, 592 S.W.2d 343, 353 (Tex.Crim.App. 1980)(Opin. on reh=g); Daw v. State, 17 S.W.3d 330,
333‑34 (Tex.App.‑‑Waco 2000, no pet.).  Compare Salazar v. State, 86
S.W.3d 640, 644-45 (Tex.Crim.App. 2002)(An extra‑judicial confession must
be corroborated by other evidence).  We
conclude the State introduced sufficient evidence to support Appellant=s conviction.  Accordingly, Appellant has not presented an
arguable issue for review.

We have carefully
reviewed the entire record and counsel=s
brief and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that
might arguably support the appeal.  We
affirm the trial court=s
judgment.

 

 

 

January 22, 2004

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)