

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00328-CR

**DAVID ALLEN VANDYNE,**

                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                               **Appellee**

_____

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 05-05403-CRF-272

## MEMORANDUM OPINION

Appellant David Allen Vandyne appeals his conviction for two counts of aggravated sexual assault of a child. We will affirm.

### Background

Vandyne was charged by indictment with two counts of aggravated sexual assault of a child. Vandyne pleaded *nolo contendere* to the first count and guilty to the second count of the indictment. After a punishment hearing, the trial court found Vandyne guilty on both counts and assessed his punishment at two consecutive life

sentences. Vandyne then filed a motion for new trial. Following an evidentiary hearing, the trial court denied the motion; however, it vacated the "stacking" order, ordering instead that Vandyne's life sentences run concurrently. Asserting three points, Vandyne appeals.

## Sufficiency of the Evidence

We begin with Vandyne's first and second points, in which he argues that (1) the stipulation of evidence is legally insufficient to support the trial court's finding of guilt as to the first count of the indictment and (2) the evidence is legally insufficient to support the trial court's finding of guilt on either count of the indictment because, in violation of article 1.15 of the Code of Criminal Procedure, his "waiver of jury trial and consent to stipulate to evidence was not approved by the trial court in writing and filed in the papers of each count."

A defendant's plea of guilty or *nolo contendere*, alone, is not sufficient to support a judgment of conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). Article 1.15 requires the State to introduce sufficient evidence showing the defendant's guilt. *Id.* The evidence may be stipulated by the defendant. *Id.* Article 1.15 provides:

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.

*Id.* However, "[s]uch waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause." *Id.*

The requirement that the trial court approve a defendant's waiver of the appearance, confrontation, and cross-examination of witnesses and his consent to oral stipulations of testimony or the introduction of testimony in written form is mandatory and must be strictly followed. *McClain v. State*, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987); *Messer v. State*, 729 S.W.2d 694, 698 (Tex. Crim. App. 1986) (op. on reh'g). Where the trial court has failed to sign the waiver and consent to stipulate evidence, the waiver and consent do not become a "writing of the court," and it is error for the trial court to admit the stipulation. *McClain*, 730 S.W.2d at 742; *Messer*, 729 S.W.2d at 700. The trial court may not consider a stipulation as evidence where the defendant's waiver and consent to stipulate is not signed by the court as required by article 1.15. *McClain*, 730 S.W.2d at 742.

In the present case, the State acknowledges that Vandyne's waiver and consent to stipulate evidence were not signed by the trial judge even though spaces appeared for the judge's signature. Thus, the trial court erroneously admitted the stipulated evidence, and its judgment could not be based on the stipulation. *See McClain*, 730 S.W.2d at 742; *Messer*, 729 S.W.2d at 700; *Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.—Corpus Christi 2002, no pet.); *Whitmire v. State*, 33 S.W.3d 330, 335 (Tex. App.—Eastland 2000, no pet.). The State argues, however, that this error was harmless. We agree.

When the evidence admitted apart from erroneously admitted stipulations or stipulated testimony is sufficient to support the conviction, any error in a trial court's failure to comply with article 1.15 is harmless. *See Ybarra*, 93 S.W.3d at 926-28; *Whitmire*, 33 S.W.3d at 335-36; *Stewart v. State*, 12 S.W.3d 146, 148-49 (Tex. App.—Houston [1st

Dist.] 2000, no pet.). Under article 1.15, the evidence will be deemed sufficient if it embraces each essential element of the offense charged and establishes the defendant's guilt. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd); *Breaux v. State*, 16 S.W.3d 854, 857 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *see Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

*Count One*

To obtain a conviction for aggravated sexual assault based on count one of the indictment, the State was required to prove beyond a reasonable doubt that Vandyne intentionally or knowingly caused the penetration of the anus of C.B., a child under the age of fourteen, by inserting his penis into C.B.'s anus. *See* TEX. PEN. CODE ANN. § 22.021(a) (Vernon 2003). The State may prove penetration by circumstantial evidence. *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990); *Murphy v. State*, 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. ref'd). The victim need not testify as to penetration. *Villalon*, 791 S.W.2d at 133; *Murphy*, 4 S.W.3d at 929. Evidence of the slightest penetration is sufficient to uphold a conviction, so long as it has been shown beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974); *Murphy*, 4 S.W.3d at 929. In *Vernon v. State*, the Court of Criminal Appeals determined what constitutes a "penetration" for purposes of aggravated sexual assault. That court held, "[M]ere contact with the outside of an object does not amount to penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere

external contact." 841 S.W.2d 407, 409 (Tex. Crim. App. 1992); *see Murphy*, 4 S.W.3d at 929.

Detective Leslie Malinak of the Bryan Police Department testified Vandyne told her that he had molested C.B. Detective Malinak testified Vandyne told her he had taken a bath with then ten-year-old C.B. and rubbed C.B.'s exposed penis. He also told her he performed oral sex on C.B.; they slept in the bed together that same night; and during the night he placed his penis between C.B.'s thighs and rubbed until he achieved orgasm. C.B. testified that during a sleepover with Vandyne, Vandyne asked him to pretend that he was paralyzed, after which Vandyne "pulled his private areas out" and entered C.B.'s "butt crack." C.B. also testified as follows: he and Vandyne had taken a bath together; he believed he slept in the same bed as Vandyne that night; during the night, he drank some orange juice prepared by Vandyne; when he woke up the next morning, he felt pain and soreness on the inside of his rectum; the inside of his rectum felt warm, and he felt like he could not control his bladder; and when he asked Vandyne what had happened, Vandyne replied that he had just "played around" or "messed around" with him a little bit.

In his first point, Vandyne argues that the evidence fails to show that he penetrated C.B.'s anus.[1] To support his position, Vandyne points to C.B.'s testimony during the punishment phase of trial that he could not remember Vandyne ever

---

[1] The greater part of Vandyne's first point addresses the sufficiency of the *stipulation*. But as stated above, the trial court erroneously admitted the stipulated evidence; therefore, it is irrelevant whether the *stipulation* shows that Vandyne penetrated the victim's anus. The issue we must determine is whether the evidence *apart from* the erroneously admitted stipulations or stipulated testimony is sufficient to support the conviction.

penetrating his anus. However, C.B. did not need to directly testify as to the penetration for the State to sufficiently prove the element. *See Villalon*, 791 S.W.2d at 133. In this case, the circumstantial evidence is sufficient to embrace the essential element of penetration. *See Proctor v. State*, No. 12-06-00264-CR, 2007 WL 4328362, at *5-7 (Tex. App.—Tyler Dec. 12, 2007, pet. ref'd) (not designated for publication) (holding that the victim's comment that appellant hurt her combined with the victim's anus being red was sufficient circumstantial evidence to establish penetration beyond a reasonable doubt).

Furthermore, the evidence introduced during the punishment phase of trial as detailed above is also sufficient to support the trial court's finding of guilt on the other essential elements of the offense. *See Stewart*, 12 S.W.3d at 148-49 (holding evidence sufficient under article 1.15 based only on evidence introduced during punishment phase of trial). Therefore, the State satisfied its burden under article 1.15 "to introduce evidence into the record showing the guilt of the defendant," s*ee* TEX. CODE CRIM. PROC. ANN. art. 1.15, and the trial court's failure to comply with article 1.15 is harmless as to the first count of the indictment.

*Count Two*

Regarding the second count of the indictment, the State was required to show that Vandyne intentionally or knowingly caused the sexual organ of C.B., a child under the age of fourteen, to contact Vandyne's mouth. *See* TEX. PEN. CODE ANN. § 22.021(a). In this case, Vandyne signed a judicial confession in which he confessed to committing

the crime as alleged in the second count of the indictment,[2] and this confession was received into evidence at the plea hearing. Thus, it was "evidence introduced into the record," and we may consider it in deciding whether the State met its evidentiary burden under article 1.15. *Ybarra*, 93 S.W.3d at 927; *Daw v. State*, 17 S.W.3d 330, 333-34 (Tex. App.—Waco 2000, no pet.) (citing *Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996)).

A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979); *Daw*, 17 S.W.3d at 333-34. Furthermore, the judicial confession need not be signed by the judge to be valid or admissible against a defendant in a guilty plea case. *Ybarra*, 93 S.W.3d at 928 n.4. Thus, Vandyne's judicial confession to the second count of the indictment combined with the evidence introduced during the punishment phase of trial is sufficient evidence to sustain his conviction on the second count. Therefore, the State satisfied its burden under article 1.15 "to introduce evidence into the record showing the guilt of the defendant," s*ee* TEX. CODE CRIM. PROC. ANN. art. 1.15, and the trial court's failure to comply with article 1.15 is harmless as to the second count of the indictment.

Having concluded that any error in the trial court's failure to comply with article 1.15 is harmless because the evidence admitted apart from the erroneously admitted

---

[2] The judicial confession appears in a document entitled "Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession" with regard to Count 2 of the indictment and reads:

> I do further admit and judicially confess that I unlawfully committed the acts alleged in the indictment/information in this cause at the time and place and in the manner alleged and that such allegations are true and correct, and that I am in fact GUILTY of the offense alleged.

stipulations or stipulated testimony is sufficient to support the conviction, we overrule Vandyne's first and second points.

## Denial of Motion for New Trial

In his third point, Vandyne contends that the trial court erred in denying his motion for new trial because his right to effective assistance of counsel was violated.

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Freeman v. State*, 167 S.W.3d 114, 116 (Tex. App.—Waco 2005, no pet.). When, as here, the motion for new trial alleges ineffective assistance of counsel, we must determine whether the trial court's determination of the ineffective assistance claim and denial of the motion for new trial were clearly wrong and outside the zone of reasonable disagreement. *Freeman*, 167 S.W.3d at 116-17; *see Bates v. State*, 88 S.W.3d 724, 727-28 (Tex. App.—Tyler 2002, pet. ref'd).

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, we must determine: (1) whether counsel's performance was deficient, and if so, (2) whether the defense was prejudiced by counsel's deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews*, 159 S.W.3d at 101.

*Voluntariness of Pleas*

Vandyne first argues that his right to effective assistance of counsel was violated because his counsel erroneously informed him that his sentences could not be stacked. Vandyne contends that he based his decision on what pleas to enter on this erroneous legal advice, and his pleas were thus involuntary. We conclude that Vandyne has failed to demonstrate prejudice.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. at 2068.

At the hearing on his motion for new trial, Vandyne testified that on the morning of his plea hearing, his trial counsel told him that his sentences on each count of the indictment could not be stacked because both counts were being heard in the same proceeding. Vandyne testified that, based on this advice, he pleaded *nolo contendere* to the first count of the indictment and guilty to the second count. He further testified that if he had known the two sentences could be stacked, he would have pleaded not guilty and asserted his right to a jury trial.

Vandyne's trial counsel testified, however, that Vandyne had been talking about and considering pleading no contest and guilty for at least a year and a half before trial. Vandyne's counsel testified that if Vandyne had asked him the question about stacking while he was in the middle of doing something else that morning, it was a possibility

that he told Vandyne that his sentences could not be stacked, but he did not remember talking about it that morning. Counsel testified that throughout his representation of Vandyne, he knew that in a sexual assault case, sentences could be stacked even though they were in the same proceeding. He testified that in cases where stacking might apply, he usually explains the general law regarding stacking to his client. He also testified that he did explain sentence stacking to Vandyne at an earlier time when the State made an offer of forty-five years stacked on top of the apparent sentence he had previously received in Kimble and Kerr County. We will assume without deciding that counsel's performance was deficient.

After the motion for new trial hearing, the trial court vacated the stacking order and instead ordered that Vandyne's life sentences run concurrently. Vandyne thus received the concurrent sentences about which he claims his counsel advised him and on which he based his decision to plead guilty and no contest. Accordingly, we conclude that Vandyne did not show that he suffered any prejudice from what he alleges was trial counsel's ineffective assistance of counsel.

*Adequacy of Investigation*

Vandyne finally argues that he was denied his right to effective assistance of counsel because his trial counsel failed to investigate and present mitigating punishment evidence, specifically, the testimony of Dr. Roy Luepnitz. Vandyne contends that this deficiency by his trial counsel had a reasonable probability of affecting the punishment outcome of the case.

At the motion for new trial hearing, Dr. Luepnitz testified that he is a psychologist whose practice is focused primarily on evaluating and treating sex offenders and that he had treated Vandyne after an attempted suicide in 2002. Dr. Luepnitz testified that during this treatment, he learned that Vandyne had been sexually abused as a young child. Dr. Luepnitz testified that he believed that Vandyne's interest in eight- to ten-year-old boys was a direct result of the sexual abuse he had suffered. Dr. Luepnitz testified that although Vandyne did have a clinically significant interest in eight- to ten-year-old boys, he actually had more interest in adult, adolescent females, which would be a normal adult sex drive. Dr. Luepnitz also testified that Vandyne's deviant behavior could be corrected by using cognitive behavioral techniques and psychotropic medications and, if those were unsuccessful, chemical castration.

Vandyne specifically complains that his counsel was ineffective because he did not know that according to Dr. Luepnitz, Vandyne actually had a normal sex drive and was interested in women; that his childhood sexual abuse had caused the sexual confusion that led to his interest in prepubescent boys; and that these behaviors could be unlearned, giving Vandyne hope that someday he might be rehabilitated. But Vandyne's counsel testified that he had talked about Dr. Luepnitz with Vandyne and that it was clear that Vandyne did not want to call him as a witness. Vandyne's counsel testified, "[Vandyne] was unhappy with Dr. Luepnitz for the amount of cooperation that Dr. Luepnitz gave to the department right from the beginning." Furthermore, at the punishment hearing, Vandyne testified as follows:

Q. [Vandyne's counsel]     Is there – is there anybody outside this as a defense witness that you wanted me to call on your behalf?

A. [Vandyne]     There's no one.

Moreover, Vandyne's counsel testified that he had called and talked with Dr. Luepnitz for about thirty minutes. Counsel testified that he was aware that Vandyne had been sexually abused as a young child, but after speaking with Dr. Luepnitz, he was concerned that if Dr. Luepnitz testified, "he was going to bring in more stuff that wasn't going to come in otherwise because he knew so much about David." Vandyne's counsel stated, "[H]e knew so much of David's history. The stuff that the State didn't know about, Dr. Luepnitz could have been cross-examined and stuff would have come out . . . ."

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
>
> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.

*Strickland*, 466 U.S. at 690-691, 104 S.Ct. at 2066. The record shows that counsel investigated using Dr. Luepnitz as a witness. Vandyne did not want Dr. Luepnitz to testify, and counsel strategically decided not to call Dr. Luepnitz. Counsel's performance cannot be held to be deficient because it was based on sound strategy, and our review of defense counsel's representation is highly deferential. *See Davis v. State*, 276 S.W.3d 491, 502 (Tex. App.—Waco 2008, pet. filed). The trial court did not abuse its discretion in denying his motion for new trial. We overrule Vandyne's third point.

### Conclusion

Having overruled all of Vandyne's points, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed May 27, 2009
Do not publish
[CRPM]